Robert D. Faithful
7040 Avenida Encinas #104
Carlsbad, CA 92011
619-850-4368
leater@joebidensfootball.com

**FILED**

Nov 17 2025

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY      s/ ArminCortez      DEPUTY

ROBERT FAITHFUL, Pro Se

UNITED STATES DISCTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT FAITHFUL, an individual<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, and DOES 1–50, inclusive,<br><br>Defendants. | Case No.: **'25CV3173 BAS AHG**<br><br>**COMPLAINT for:**<br><br>1. **FRAUD / FRAUDULENT BILLING**<br>2. **RACIAL DISCRIMINATION IN HIRING**<br>3. **VIOLATION OF EQUAL PROTECTION CLAUSE (U.S. CONST. AMEND. XIV; 42 U.S.C. § 1983)**<br>4. **VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1981)**<br>5. **RETALIATION / WRONGFUL ADVERSE ACTION**<br>6. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br>7. **NEGLIGENT SUPERVISION / HIRING / ADMINISTRATION**<br>8. **DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1. Plaintiff Robert Faithful ("Plaintiff") brings this action against Defendant City of Los Angeles ("Defendant" or "COLA") to address fraudulent billing practices and racial discrimination in hiring that have caused Plaintiff direct harm and betrayed the public's trust.

1

COMPLAINT

2. This lawsuit seeks to remedy Defendant's unlawful actions, including the fraudulent billing of a parking citation (Citation No. 4594277660) issued to Plaintiff on November 18, 2024, and the implementation and maintenance of racist hiring practices that have degraded competence and led to systemic dysfunction within the COLA.

PARTIES

3. Plaintiff Robert Faithful is an individual residing in San Diego County, California, who received and was harmed by the fraudulent billing at issue in this case.

4. Defendant City of Los Angeles is the operator of the Los Angeles Parking Violations Bureau ("PVB"), which at all relevant times was not an independent entity but an administrative arm, division, and agency of the City acting under the City's authority. The PVB is responsible for issuing, processing, and collecting parking citations on behalf of the City, including the citation at issue in this action, and its acts and omissions are legally attributable to the City. Defendant also employs personnel under policies that include racial discrimination.

5. Defendant Does, 1-50, inclusive ("DOES") are as yet unknown companies and/or individuals affiliated or associated with COLA who, upon information and belief, may bear some liability for PLAINTIFF's losses. The true names or capacities, whether individual, corporate, or otherwise, of Defendant Does 1-50, inclusive, are unknown to PLAINTIFF who therefore sues such Defendants by such fictitious names and will amend this Complaint to show their true names and capacities when ascertained.

JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. § 1331 because the action arises under the Constitution and laws of the United States, including the Equal Protection Clause of the

2<br>COMPLAINT

Fourteenth Amendment and 42 U.S.C. § 1983. The Court also has supplemental jurisdiction over all related state-law claims under 28 U.S.C. § 1367, as those claims derive from a common nucleus of operative fact.

7. Venue is proper in the United States District Court for the Southern District of California under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District. Although certain municipal actions were undertaken by the COLA in the Central District, the wrongful billing, constitutional injuries, discriminatory administrative effects, and resulting harms were received and suffered by Plaintiff at his residence in San Diego County, which lies within this District. For purposes of 42 U.S.C. § 1983, courts evaluate the location of the constitutional injury where the deprivation was experienced, not solely where the governmental actor initiated the conduct. Accordingly, the Southern District is the proper and most convenient venue for adjudicating this matter.

8. This Court has personal jurisdiction over Defendant City of Los Angeles because the COLA is a municipal entity organized under the laws of the State of California and operating continuously within California. As a political subdivision of the State, the COLA is subject to suit and personal jurisdiction in any federal district court within California for claims arising under federal law. Defendant's acts and omissions giving rise to this action were purposefully directed toward Plaintiff within California, and the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice. Service of process upon Defendant establishes personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A), because the City is subject to the jurisdiction of courts of general jurisdiction in the State of California.

# FACTUAL ALLEGATIONS

9. On November 18, 2024, Defendant issued Parking Citation No. 4594277660 to Plaintiff, alleging a violation of LAMC Section 80.69(b) ("PARKING PROHIBITED/STREETCLEANING").

10. Plaintiff did not commit the alleged violation, and Defendant has known this since the citation was issued yet continued to pursue fraudulent billing.

11. The citation was mailed to Plaintiff's San Diego address, demanding payment of $200, consisting of a $173 fine and penalty and a $27 collection fee, despite Ordinance 182183 establishing a fee schedule of $73 (fine), $146 (with late penalty), and $171 (with second penalty).

12. The additional $27 collection fee is unsubstantiated, as all communications were sent directly by Defendant, not an outside collection agency, rendering the total amount fraudulent and inconsistent with Defendant's published policies.

13. Defendant's actions violate California Vehicle Code (CVC) Sections 40200 (establishment of penalty amounts), 40203 (notice of violation requirements), and 40200.3 (collection of penalties), as well as Article I, Section 7 of the California Constitution, which prohibits unlawful takings.

14. Plaintiff has suffered harm, including financial loss, potential DMV registration delays, credit damage, undue stress, and wasted taxpayer funds due to Defendant's dysfunctional system.

15. Defendant COLA advertises its hiring practices as an "AFFIRMATIVE ACTION EMPLOYER" on billing communications, indicating a policy of systemic racial discrimination in employment.

16. This policy violates Proposition 209 (California Constitution, Article I, Section 31), which bans racial discrimination or preferential treatment in public employment, as well as the Equal Protection Clause of the Fourteenth Amendment, which prohibits state-sponsored racial discrimination.

17. Defendant's racist hiring practices prioritize race over merit, sacrificing competence on the altar of race, leading to a degradation of the workforce that fuels dysfunction and directly caused the fraudulent billing error in Plaintiff's case.

18. The chaos born from racial cronyism has installed ineptitude within the COLA, multiplying errors and betraying public trust, as evidenced by Plaintiff's experience and the systemic nature of Defendant's operations.

## CAUSES OF ACTION

FIRST CAUSE OF ACTION: Fraudulent Billing (Tort)

19. Plaintiff incorporates paragraphs 1 through 18 as if fully set forth herein.

20. Defendant knowingly and fraudulently billed Plaintiff for a parking violation he did not commit, using an incorrect and unsubstantiated amount, constituting fraud and negligence.

21. Defendant's actions caused Plaintiff direct financial harm, credit damage, and undue stress.

22. Defendant's conduct violates CVC Sections 40200 (parking penalty liability), 40203 (citation issuance procedures), and 40200.3 (reporting and distribution of collected penalties), and Article I, Section 7 of the California Constitution (due process).

23. Plaintiff seeks damages, including restitution of overcharges, compensation for harm, and injunctive relief to prevent further fraudulent billing.

SECOND CAUSE OF ACTION: Racial Discrimination in Hiring (Violation of Proposition 209).

24. Plaintiff incorporates paragraphs 1 through 23 as if fully set forth herein.

25. Defendant's affirmative action program constitutes racial discrimination in hiring, violating Proposition 209, which prohibits public employers from using race, sex, color, ethnicity, or national origin as criteria for employment.

26. This racial discrimination has led to a much less competent workforce, directly contributing to the fraudulent billing error in Plaintiff's case.

27. As a California taxpayer, Plaintiff has standing to challenge this illegal use of public funds to maintain a discriminatory hiring practice.

28. Plaintiff seeks injunctive relief to end Defendant's racist hiring practices and declaratory relief affirming their illegality under Proposition 209.

THIRD CAUSE OF ACTION: Violation of the Equal Protection Clause

29. Plaintiff incorporates paragraphs 1 through 28 as if fully set forth herein.

30. Defendant's racist hiring practices, as a state actor, violate the Equal Protection Clause of the Fourteenth Amendment by discriminating based on race without a compelling government interest or narrow tailoring, as reinforced by Students for Fair Admissions v. Harvard (2023).

31. This discrimination has caused systemic incompetence, leading to Plaintiff's fraudulent billing harm.

32. Plaintiff seeks injunctive relief to end these practices and declaratory relief affirming their unconstitutionality.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

33. Enter judgment in favor of Plaintiff on all causes of action.

34. Award compensatory damages for financial loss, credit damage, and emotional distress in an amount according to proof at trial.

35. Issue an injunction ordering Defendant to cease fraudulent billing practices, including dismissing Citation No. 4594277660 and refunding any overcharges.

36. Issue an injunction ordering Defendant to end its racist hiring practices and completely dismantle its affirmative action program.

37. Award declaratory relief affirming that Defendant's hiring practices violate Proposition 209 and the Equal Protection Clause.

38. Award punitive/exemplary damages for Defendant's willful and fraudulent conduct in an amount according to proof.

39. Award costs of suit, attorney's fees (if applicable), and any other relief the Court deems just and proper.


DATED: November 17, 2025

Respectfully submitted,



ROBERT FAITHFUL
In Pro Se

7
COMPLAINT